UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:19-CR-03113-JB-9 |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | Albuquerque, New Mexico |
| | ) | |
| AMANDA SILVA, | ) | Thursday, March 12, 2020 |
| | ) | |
| Defendant. | ) | (11:01 a.m. to 11:12 a.m.) |

INITIAL APPEARANCE / SHOW CAUSE HEARING

BEFORE THE HONORABLE LAURA FASHING,
UNITED STATES MAGISTRATE JUDGE

**APPEARANCES:**

For Plaintiff:          ELAINE RAMIREZ, ESQ.
                        U.S. Attorney's Office
                        District of New Mexico
                        P.O. Box 607
                        Albuquerque, NM 87103

For Defendant:          BARRY PORTER, ESQ.
                        Burgess & Porter, LLC
                        400 Gold Ave. SW, Suite 910
                        Albuquerque, NM 87102

U.S. Pretrial/Probation: Jeff Martinez-Spelich

Court Reporter:         Recorded; Rio Grande

Clerk:                  C. Lopez

Transcribed By:         Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, TX 78468
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**Albuquerque, New Mexico; Thursday, March 12, 2020; 11:01 a.m.**

**(Call to Order)**

**THE CLERK:** <u>United States of America versus Amanda Silva</u>.

**MS. RAMIREZ:** Good morning, your Honor. Elaine Ramirez on behalf of the United States.

**THE COURT:** Good morning.

**MR. PORTER:** Good morning, your Honor. Barry Porter on behalf of Amanda Silva. She's in custody and she's present.

**THE COURT:** All right. Good morning to both of you.

So we are here actually on an initial appearance on a Petition for Action on Conditions of Supervised Release. The purpose of this hearing, Ms. Silva, is to make sure that you understand the allegations against you, the potential repercussions if these allegations are deemed to be true; and then -- or found to be true, and then also your rights under the Criminal Justice System. So let me start with your rights.

You do have the right to remain silent. You do not have to make a statement and any statement you do make could be used against you.

You have the right to an attorney. If you can't afford to hire an attorney, one will be appointed to represent you free of charge. You have Mr. Porter here so I assume that's been taken care of.

Are you the attorney on the underlying case?

1   **MR. PORTER:**  Actually Susan Burgess-Farrell, my law
2   partner.
3   **THE COURT:**  Okay.  And then finally, Ms. Silva, you
4   do have the right to a show cause hearing.  At a show cause
5   hearing, the government would have to present evidence to
6   establish that you indeed violated the conditions of your
7   pretrial release as alleged in this petition.
8   If they're successful in that showing then the
9   question becomes if there -- whether there are other conditions
10  that can be imposed which will assure your appearance and the
11  safety of the community or whether your pretrial release should
12  be revoked and you should remain in custody pending resolution
13  of the charges against you.
14  Do you understand the rights I've just gone over?
15  **THE DEFENDANT:**  Yes, your Honor.
16  **THE COURT:**  Okay.  So have you received a copy of the
17  petition?
18  **THE DEFENDANT:**  Yes, your Honor.
19  **THE COURT:**  Have you had a chance to read the
20  petition and go over it with your attorney?
21  **THE DEFENDANT:**  Yes, ma'am.
22  **THE COURT:**  All right. So this petition alleges that
23  you violated some conditions of your pretrial release.  It says
24  you violated the condition that you reside at the La Pasada
25  Halfway House and follow the rules and regulations of the

1  halfway house.  And also there is a zero tolerance condition on
2  your conditions of release.
3         Do you understand the allegations against you?
4         **THE DEFENDANT:**  Yes.
5         **THE COURT:**  Okay.  And then -- and you understand
6  that if I find that these allegations are true then I'll either
7  order that you remain in custody or I'll see if there are other
8  conditions that could be imposed that would assure your
9  appearance?
10        **THE DEFENDANT:**  Yes, ma'am.
11        **THE COURT:**  Okay.  So Mr. Porter, how would you like
12 to proceed?
13        **MR. PORTER:**  Yes, your Honor.  Just so the court's
14 aware, Ms. Silva and I discussed all of her rights.  At this
15 time we understand the allegations.  And there's something kind
16 of curious here on the conditions of release actually.  She --
17 one of her conditions was -- that was issued by the court was
18 to maintain her residence at La Pasada.  What -- what's alleged
19 that she is willing to admit to that she did violate one of
20 their rules which says "a female resident cannot have contact
21 with a male resident".  And there was an instance where she was
22 in an elevator and got some hickeys with a male resident.  So
23 she'll admit that today.
24        We do have an alternative plan that we want to
25 present to the court, a third-party release that has already

1  been screened by the Santa Fe Pretrial Services Office.

2          **THE COURT:**  What's the government's position on that?

3          **MS. RAMIREZ:**  Your Honor, we would oppose any

4  condition of release.  There was a zero tolerance for a reason.

5  The defendant -- just to give the court some context.

6          When she was initially arrested, she was intoxicated,

7  under the influence, refused to talk to Pretrial, was

8  disrespectful in every way possible.  It took some time for a

9  motion to be filed for conditions of release to be considered.

10 At that time Judge Molzen, over the opposition of both

11 Probation -- or I'm sorry -- Pretrial and the United States,

12 agreed to a condition of release at La Pasada for this

13 defendant.  Within 90 days she has since been asked to leave La

14 Pasada.  And in addition, she has not exhibited any interest in

15 seeking employment.  And so therefore we believe that the best

16 place for her is back in custody.

17         **MR. PORTER:**  And so, your Honor, that's basically

18 what Ms. Silva will admit to is the violation of the La Pasada

19 rule that she not have contact with males.

20         **THE COURT:**  Yeah.  I mean, I'll tell you.  I'm not

21 one to override another judge's zero tolerance policy.  So --

22         **MR. PORTER:**  Well, your Honor, if I could?

23         **THE COURT:**  Sure.

24         **MR. PORTER:**  So the little bit of the context of this

25 case:  September 19th, Ms. Silva was arrested.  Then she stayed

1  in custody for two months.  Was released on November 20th by
2  Judge Molzen.
3           The big concerns were drug and alcohol use, her
4  attendance at court hearings and following through with any
5  counseling.
6           So there were 26 different conditions placed upon
7  Ms. Silva.  Out of all of those conditions, there's one
8  violation that she's admitting to and that has been alleged.
9           She had no positive tests.  La Pasada checks you
10 alcohol in and out every time you go in the facility and they
11 check randomly for drugs.  She had absolutely no positive tests
12 or any other violations.
13          She had absolutely no issue with reporting.  And not
14 only was she making all of her reporting to Pretrial Services,
15 she came to our office twice a week for two hours to review
16 discovery on a computer.  She was always on time.  She stayed
17 the duration and she returned to La Pasada as directed.  So --
18          **THE COURT:**  Well, Mr. Porter, I'll tell you.  Like I
19 said, I -- it seems to me we can do -- I'm not going to
20 overrule a zero tolerance condition that was imposed by Judge
21 Molzen.  What I -- what I am willing to do -- and we can do it
22 either way.  If you want to, we can reset the detention hearing
23 so that you can -- you'll have to schedule it before Judge
24 Molzen and then you can argue to her why it is that zero
25 tolerance in this particular setting.  I mean, I can take -- we

1  can either continue the whole hearing until that --

2        **MR. PORTER:**  Yeah.

3        **THE COURT:**  -- both show cause or detention or/and

4  detention or we can -- I can accept your admission to the one

5  violation and then you can have your detention hearing before

6  Judge Molzen.  If I'm deciding, I'm not overriding a zero

7  tolerance policy imposed by a different judge.

8        **MR. PORTER:**  Your Honor, and I think that actually is

9  wise because our information about what the zero tolerance

10 applied to is probably going to require us to get the

11 transcript.

12       **THE COURT:**  Okay.

13       **MR. PORTER:**  So we would proceed with the admission

14 today, ask the court to reset this matter as soon as possible

15 before Judge Molzen.

16       **THE COURT:**  Okay.  So I -- do you have any objection

17 to that, Ms. Ramirez?

18       **MS. RAMIREZ:**  I do not.

19       **THE COURT:**  I'm sorry?

20       **MS. RAMIREZ:**  I do not.

21       **THE COURT:**  Okay.  All right.  So Ms. Silva, can I

22 just ask you to raise your right hand and be sworn please.

23     **(Defendant sworn)**

24       All right.  Ms. Silva, you're now under oath and

25 you're required to tell me the truth.  If you fail to tell me

1  the truth, you could be prosecuted for either perjury or false

2  statement and anything you say can be used against you.

3         Do you understand that?

4         **THE DEFENDANT:** Yes, ma'am.

5         **THE COURT:** Okay. So Ms. Silva, your attorney has

6  indicated that you are willing at this point to make an

7  admission as to what happened at La Pasada and that you

8  violated one of the rules at La Pasada. So I'm going to let

9  you go ahead and tell me what it is that you did that violated

10 the rules of La Pasada's.

11        Let me just ask you: Were you aware that there was a

12 rule in place that you're not to have contact with male

13 residents at La Pasada?

14        **THE DEFENDANT:** it's listed in their handbook.

15        **THE COURT:** Okay.

16        **THE DEFENDANT:** It's -- It says "It's prohibited to

17 have contact with any resident."

18        **THE COURT:** With a male resident?

19        **THE DEFENDANT:** With any resident.

20        **THE COURT:** You're not allowed to have contact with

21 female residents? Don't you share a room with a female

22 resident?

23        **THE DEFENDANT:** Yeah. You should but you're supposed

24 to stay like  in your own area.

25        **THE COURT:** Okay. All right. So and was there a

1  point in time when you had contact with a male resident?

2              **THE DEFENDANT:**  Yes, ma'am.

3              **THE COURT:**  Okay.  And during this contact, according

4  to your attorney, you received some hickeys.  Is that accurate?

5              **THE DEFENDANT:**  Yes, ma'am.

6              **THE COURT:**  Okay.  Are you satisfied with that

7  factual basis?

8              **MS. RAMIREZ:**  Yes, your Honor.

9              **THE COURT:**  All right.

10             All right.  Ms. Silva, I will accept your admission

11 and I will find that you did violate the conditions of your

12 pretrial release by violating the rules at the La Pasada

13 Halfway House.  But I will continue the detention hearing to as

14 soon as possible as soon as it can be heard by Judge Molzen.

15 All right?

16             **MR. PORTER:**  Thank you, your Honor.

17             **THE COURT:**  Anything further, Mr. Porter?

18             **MR. PORTER:**  No, your Honor, thank you.

19             **THE COURT:**  All right.  Ms. Ramirez?

20             **MS. RAMIREZ:**  Yes, your Honor.  One additional thing

21 and that is there are some photographs where the defendant

22 appears to be pregnant, although she has not disclosed that.

23 And so encourage her to be candid about that just so that she

24 could get the appropriate medical treatment.

25             **THE COURT:**  Okay.  Ms. Silva, whatever your medical

10

1 situation is, obviously that's not pertinent to me but it's
2 certainly you should make the facility where you are aware of
3 that and so that you receive any treatment that you should --
4 that you may need.  Okay?
5      **MR. PORTER:**  Thank you.
6      **THE COURT:**  All right.  Thank you.
7      "Treatment" or "medical care," I should say.
8 **(Audio ended at 11:12 a.m.)**

**EXCEPTIONAL REPORTING SERVICES, INC**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                          June 29, 2020
         Signed                                              Dated

*TONI HUDSON, TRANSCRIBER*